UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES KEARNS,

                Plaintiff,

    v.

ROLLS ROYCE, INC.,

                Defendant.

C.A. No.

## NOTICE OF REMOVAL

1. Defendant Rolls-Royce Marine North America Inc.[1] ("Defendant") files this Notice of Removal, which shall effect the removal of this action from the Superior Court for Bristol County in the Commonwealth of Massachusetts, where it is now pending, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### I. TIMELINESS OF REMOVAL

2. On or about December 2, 2015, a civil action was filed in the Superior Court for Bristol County in the Commonwealth of Massachusetts entitled *James Kearns v. Rolls Royce, Inc.*, Civil Docket No. 1573CV01119. On or about January 11, 2016, Plaintiff James Kearns ("Plaintiff") served Defendant with a Summons and a copy of the Complaint in this action.[2] Copies of the Summons, Complaint, and Civil Action Cover Sheet are attached hereto as

---

[1] Defendant's name is incorrect in the caption.

[2] This Notice of Removal does not prejudice Defendant's right to raise the defenses of insufficient service and insufficient service of process in its first responsive pleading to the Complaint should it choose to do so in accordance with Rule 12 of the Federal Rules of Civil Procedure.

1

Exhibits 1, 2, and 3, respectively.  These are the only process, pleadings, discovery, or orders known by Defendant to have been filed or purportedly served in this action.

3. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Defendant.

## II. VENUE

4. The Superior Court for Bristol County in the Commonwealth of Massachusetts is located within the District of Massachusetts.  *See* 28 U.S.C. § 101.  Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL:   DIVERSITY JURISDICTION

5. This action is properly removable because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

### A. AMOUNT IN CONTROVERSY

6. This is an action to recover purportedly unpaid overtime compensation under M.G.L. c. 151, §1A (Count I) and unpaid wages under M.G.L. c. 149, §§ 148, 150 (Count II).  *See* Complaint, Ex. 2, ¶¶ 12-21.

7. On Count I, alone, Plaintiff seeks an "amount exceeding $330,000 plus payment of his attorney's fees."  *Id.* ¶ 16.  With respect to Count II, Plaintiff seeks an "amount exceeding $150,000 plus payment of his attorney's fees."  *Id.* ¶ 21.  Accordingly, Plaintiff seeks an amount exceeding $480,000, exclusive of interest, costs, and fees.  *See* Civil Action Cover Sheet, Ex. 3.

8. Accordingly, the amount in controversy exceeds the jurisdictional minimum.

**B.    DIVERSITY OF CITIZENSHIP**

9. Plaintiff alleges that he resides in Massachusetts.  *See* Complaint, Ex. 2, ¶1.

10. Defendant is a Delaware Corporation, with its principal place of business in Reston, Virginia.  *See Affidavit of Mary S. Sullivan* at ¶ 7.  Thus, for purposes of 28 U.S.C. § 1332(a), Defendant is not a citizen of Massachusetts.

11. Complete diversity of citizenship therefore exists.

**IV.   CONCLUSION**

12. To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

13. Pursuant to 28 U.S.C. § 1446(d), a notice to the state court of removal, along with a copy of this Notice, will be filed with the Superior Court for Bristol County in the Commonwealth of Massachusetts.

14. A copy of the notice to the state court is attached to this Notice as Exhibit 4. Additionally, a copy of the notice to the state court and a copy of this Notice will be served upon Plaintiff's counsel as well.

15. Defendant will file with the Court attested copies of all records, proceedings, and docket entries in the state court within twenty-eight (28) days, pursuant to Local Rule 81.1.

16. By removing this matter, Defendant does not waive, or intend to waive, any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant respectfully requests to remove the aforesaid action to the United States District Court for the District of Massachusetts.

Respectfully submitted,

ROLLS-ROYCE MARINE NORTH AMERICA INC.,

By its attorney,

/s/ Diane M. Saunders
Diane M. Saunders (BBO #562872)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3220
Boston, MA 02108
Telephone:  617.994.5700
Facsimile:  617.994.5701
diane.saunders@ogletreedeakins.com

Dated: February 4, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2016, I caused to be served on Plaintiff's counsel of record the within document via electronic mail and First Class Mail as follows:

Christopher J. Trombetta
190 Chauncy Street, Suite 101
Mansfield, MA 02048
chris@trombettalaw.com

/s/ Diane M. Saunders
Diane M. Saunders

23641627.1